[Civ. No. 2945. First Appellate District, Division One.—December 18, 1919.]

THE AMERICAN NATIONAL BANK OF SAN FRANCISCO, Appellant, v. EARL W. WHEELER et al., Respondents.

[1] NEGOTIABLE INSTRUMENTS — POSTDATED CHECKS — TRANSFER OF.—A postdated check may be transferred before the day it bears date with like effect as if transferred on the day of its date.

[2] ID.—INNOCENT PURCHASER FOR VALUE—LIABILITY OF MAKERS—EFFECT OF STOP NOTICE.—Where a check is presented to a bank by the person named therein as payee and that bank takes it in good faith and for value, without notice of any infirmity in the instrument, such bank is an innocent purchaser and holder for value, and the makers thereof are directly liable to it, notwithstanding that such makers may have given notice to the bank on which the check was drawn to stop payment thereon.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John J. Van Nostrand, Judge. Reversed.

The facts are stated in the opinion of the court.

Edgar C. Chapman and Alexander Heynemann for Appellant.

Frank W. Sawyer for Respondents.

KERRIGAN, J.—This was an action brought by the American National Bank to recover from the defendants the sum of three hundred dollars due upon a certain check which plaintiff had cashed. The check reads as follows:

"Clearing House No. 1.
    "San Francisco, Cal., March 7, 1916.   No. 1758.
"The Mission Bank 11–16.
"Pay to the order of T. W. Spaulding $300.00.
"Pay 300 and 00 cts ——— dollars.
                                    "WHEELER BROS.
                                    "D. W. WHEELER."

---

2. Right to stop payment on ordinary check, note, **Ann. Cas.** 1914A, 1303.

This check was presented by Spaulding to the plaintiff bank, and upon indorsement by him was paid. Spaulding had received the check from Wheeler Bros. as the result of a certain business transaction. There is testimony to show that the check was issued March 6, 1916, and that it was understood between Spaulding and the Wheeler Bros. that the same was not to be presented for payment until the following day. On March 7, 1916, Wheeler Brothers, concluding that they had been defrauded by Spaulding, gave notice to the Mission Bank on which the check was drawn, to stop payment thereon. There is a conflict in the testimony as to whether the plaintiff cashed the check on the sixth or seventh day of March. The sole question here presented is whether or not plaintiff acquired the instrument in due course and in the ordinary course of business. The trial court adjudged and decreed that plaintiff was not an indorsee of the check in due course of banking business without knowledge of its dishonor, and accordingly rendered judgment against plaintiff. There is no evidence in the record to show that plaintiff knew or had cause to know that Spaulding was not rightfully in possession of the check and had not the full right to transfer it for value. The judgment of the trial court was evidently based upon its conclusion that the check was postdated, and that its negotiability was affected thereby. [1] A postdated check may be transferred before the day it bears date with like effect as if transferred on the day of its date. (7 Cyc., p. 531; *Walker* v. *Geisse,* 4 Whart. (Pa.) 252, [33 Am. Dec. 60]; 2 Daniel on Negotiable Instruments, sec. 1772; *Frazier* v. *Trows Co.,* 24 Hun (N. Y.), 282.)

[2] Here the evidence shows that the instrument was presented to plaintiff bank by the person named in the check and that the bank took it in good faith and for full value, without notice of any infirmity in the instrument, and it was therefore an innocent purchaser and holder for value. This being so, it follows that Wheeler Bros., as makers, are directly liable to plaintiff regardless of the stop notice given by them.

For the reasons given the judgment is reversed.

Richards, J., and Waste, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 16, 1920.

All the Justices concurred.